# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 16-266V
Filed: August 22, 2018
UNPUBLISHED

|  |  |
|---|---|
| ARMANDO TINOCO,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Mari Colleen Bush*, for petitioner.
*Ryan Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On February 25, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he developed Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccination administered on February 28, 2013. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 22, 2018, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS. On August 20, 2018, respondent filed a Rule 4(C) Report and Proffer of Compensation ("Proffer") indicating petitioner should be awarded a lump sum payment of $24,361.34, representing compensation for satisfaction of a State of Colorado Medicaid lien. Petitioner should also be awarded $575,000.00, consisting of:

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$377,516.00 for lost earnings (at net present value); $34,453.00 for unreimbursable, vaccine-related expense (at net present value); and $163,031.00 for actual and projected pain, suffering, and emotional distress (at net present value).  Proffer at 4.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

 Pursuant to the terms stated in the Proffer, **the undersigned awards petitioner:**

(1) **A lump sum payment of $24,361.34, representing compensation for satisfaction of a State of Colorado Medicaid lien**, payable jointly to petitioner and:
>Colorado Dep't of Health Care Policy & Financing
>Re: No. S277805 (Armando Tinoco)
>1570 Grant St.
>Denver, CO 80203

Petitioner agrees to endorse this payment to the State; and

(2) **A lump sum payment of $575,000.00 in the form of a check payable to petitioner, Armando Tinoco (consisting of $377,516.00 for lost earnings; $34,453.00 for unreimbursable, vaccine-related expense; and $163,031.00 for actual and projected pain, suffering, and emotional distress).**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

 The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

          **s/Nora Beth Dorsey**
          Nora Beth Dorsey
          Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.