# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-0266V
Filed: August 29, 2019
UNPUBLISHED

|  |  |
|---|---|
| ARMANDO TINOCO,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Attorneys' Fees and Costs; Hourly Rates; Travel; Administrative; Vague Billing; Attorney Costs |

*Mari Colleen Bush*, Mari C. Bush, LLC, Boulder, CO, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On February 25, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he developed Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccination administered on February 28, 2013. Petition at 1. On August 22, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 68.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 3, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 81.³ Petitioner requests attorneys' fees in the amount of $62,232.00 and attorneys' costs in the amount of $3,836.58. *Id.* at 7. Additionally, in accordance with General Order #9, petitioner's counsel represented that petitioner incurred $400.00 in out-of-pocket expenses. *Id.* at 7. Thus, the total amount requested is $66,468.58.

On January 30, 2019, respondent filed a response to petitioner's motion. ECF No. 84.⁴ Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner did not file a reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of requested fees to be appropriate for the reasons listed below.

### I.     Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *Sabella v. Sec'y of Health & Human*

---

³ Mari C. Bush, counsel for petitioner, originally filed the Motion for Attorney Fees and Costs as a "Notice of Filing" which did not trigger the appropriate deadlines regarding an attorney fees motion. ECF No. 75. Counsel contacted the Staff Attorney managing the case to get an update on the status of the decision and the incorrect filing was brought to his attention. The staff attorney held a call with Ms. Bush and counsel for Respondent to discuss deficiencies with the filing and Ms. Bush agreed to refile. *See Informal Remark,* May 1, 2019. Ms. Bush refiled her Motion for Attorney Fees and Costs on July 3, 2019. ECF No. 82.

⁴ Respondent filed his original response on January 30, 2019. ECF No. 84. After the call with Ms. Bush and the staff attorney, respondent refiled his response stating that he "maintains his position as set forth in the respondent's 'Response to Application for [Attorneys'] Fees and Costs'" (Response) filed January 30, 2019. ECF No. 84.

2

*Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

**II.     Attorneys' Fees**

A. Hourly Rates

i.      Mari C. Bush

Petitioner requests the rate of $400 per hour for all work billed by Mari C. Bush from 2015 – 2019.   ECF No. 81 at 7.  Ms. Bush has previously been awarded the rate of $400 per hour. *Little v. Sec'y of Health & Human Servs.,* No. 16-836V, 2017 WL 6461819, (Fed. Cl. Spec. Mstr. May 23, 2019). The undersigned finds no cause to deviate from the previously awarded rate and awards it herein.

ii.     Samantha Gurrentz-Sitterly

Ms. Bush enlisted the assistance of attorney, Samantha Gurrentz-Sitterly.  Petitioner requests the rate of $150 per hour for time billed by Ms. Gurrentz-Sitterly.  *Id.* at 4.  Petitioner's motion states Ms. Gurrentz-Sitterly is a licensed attorney with two years' experience in Colorado when she first represented petitioner. *Id.*   Ms. Gurrentz-Sitterly worked directly with petitioner in obtaining his medical records and "managed communications" as English was not petitioner's first language.  *Id.*   The undersigned finds the requested rate reasonable and awards it herein.

iii.    Paralegal Rates

Petitioner requests $175 per hour for paralegal Joyce Harris and $125 per hour for paralegal Alyssa Kittel.  *Id.* at 7.  The requested rate for Ms. Kittel is consistent with paralegal rates on the Courts hourly rate fee schedule and is awarded herein.[5]  The requested rate for Ms. Harris exceeds the rates for paralegals on the Court's fee schedule.  Ms. Harris' hourly rate was previously reduced by the undersigned in *Little*, from $175 to $145 per hour.  *Little,* 2017 WL 6461819, *1.  The undersigned reduces

---

[5] The full fee schedule is located on the Court's website.   http://www.uscfc.uscourts.gov/node/2914.

Ms. Harris' hourly rate to the previously awarded rate of $145. This reduced the request for attorney fees in the amount of **$153.00**.[6]

### B. Travel Time

On several occasions during this case, Mari Bush traveled to petitioner for in person meetings. Three line item entries for the travel were billed at her full hourly rate. In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* The travel entries are as follows:

- February 17, 2016 – "Travel to Salud Clinic and meet with client" (1.5 hrs)
- June 17, 2016 – "Travel to/from meeting with client to do videotape, meeting with client" (2.3 hrs)
- May 25, 2017 – "Travel to/from meeting with Mr. Tinoco and SG" (1.8 hrs)
- November 21, 2017 – "Travel to/from client meeting" (1.7 hrs)
- January 22, 2018 – "Travel to meet with Mr. Tinoco at Salud" (1.4 hrs)
- May 5, 2018 – "Travel to/from Social Security Administration Office to try and get complete file; wait at SSA office; meet with SSA representative" (3.2 hrs)
- November 13, 2018 – "travel to Denver to meet w/ client about financial issues settlement; meet with client with financial advisors" (3.9 hrs)

ECF No. 82-4 at 6, 15, 20, 26, 29.

As several of Ms. Bush's entries included travel time and was blocked-billed with the actual time meeting with petitioner, the undersigned cannot differentiate how much time was spent on just travel and for the actual meeting. Therefore, all entries that included travel are reduced by 50 percent. This reduces the request for attorneys' fees by **$3,160.00**.[7]

---

[6] This amount consists of $175 - $145 = $30 x 5.1 hrs = $153.00.

[7] This amount consists of the 15.8 hrs x $400 = $6,320/2 = $3,160.00.

4

### C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Over five hours was billed by Ms. Bush, Ms. Gurrentz-Sitterly and the paralegals on tasks considered administrative including, receiving documents, forwarding correspondence, scanning, faxing, and mailing documents. Examples of these entries include:

- February 19, 2016 –"Faxed records requests to Swedish, LUH, and Boulder Manor" (0.17 hrs)
- April 20, 2016 – "More medical records from Deanna. Boulder Manor and Swedish. I scanned and emailed to Mari" (0.75 hrs)
- May 5, 2016 – "Put original affidavit in mail for Mari" (0.50 hrs)
- October 4, 2016 – "Made appt with Armando to sign affidavit on Thursday" (0.08 hrs)
- June 20, 2017 – "Made PDF of Armando's updated Salud record Feb 2016 – May 2-17" (.50 hrs)

ECF No. 82-2 at 4-7.[8]

The undersigned reduces the request for attorney's fees in the amount of **$738.00**, the total amount of the tasks considered administrative.

### D. Vague Billing Entries

Petitioners billing records from attorney Mari Bush have multiple entries that are vague and the relevance of the tasks performed is not apparent. The undersigned has previously decreased an award of attorneys' fees for vagueness. *Mostovoy*, 2016 WL 720969; *Barry v. Sec'y of Health and Human Servs.*, 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, 2009 WL 2568468 (Fed. Cl. Spec. Mast. June 27, 2009). Petitioner bear the burden of documenting the fees and costs claimed. *Id.* at *8. Examples of vague billing entries include multiple line items listed as; "communication with SG"; "emails and staff

---

[8] These are examples and not an exhaustive list.

5

Case 1:16-vv-00266-UNJ   Document 90   Filed 11/18/19   Page 6 of 8

instructions"; "emails", "place calls and send emails"; "review work and revise, emails"; and "scheduling email". ECF No. 82-4 at 1, 3, 4, 6, 10, 20.

Samantha Gurrentz-Sitterly billing entries also contain vague entries. Examples of these include multiple entries described as ; "Communication with Armando"; "Communication with Mari"; "Communication with Dan Manguso"; and "Email with Mari; Called Armando". ECF No. 82-2 at 3 – 7.

The undersigned reduces the amount of time for all the entries considered vague by 50%. This results in a total reduction of attorney fees in the amount of **$2,622.00**.[9]

### III.     Attorney Costs

Petitioner is requesting reimbursement of attorneys' costs in the amount of $3,836.58. ECF No. 81 at 7. This amount includes costs for medical records, postage, courier service, photocopies and expert costs. ECF No. 81 at 7. Upon review of the request for attorney costs, supporting documentation for several of the requests for costs are missing. On August 14, 2019, the OSM paralegal contacted Mari Bush by email correspondence, copying counsel for respondent and the OSM Staff Attorney managing this case, requesting Ms. Bush file the missing supporting documentation for the following requested costs:

- August 2016 - Boulder Manor $62.44
- January 20107 – Fed Ex overnight shipment $50.75
- January 2017 – Shamrock Delivery $60.25
- July 2017 – Photocopies - $10.75
- March 2018 – Conference Call $100
- May 2018 – XeBee Records $ 204.17

ECF No. 82-3 at 3-4.

On August 19, 2019, the OSM paralegal received correspondence from Ms. Bush, with respondent's counsel copied. In the correspondence, Ms. Bush explained the details for each charge, its relevance, and where to find the requests throughout each exhibit filed. Ms. Bush also explained that certain invoices were unable to be located due to the amount of time and the dissolution of her prior law firm. However, Ms. Bush did not provide actual documentation for the costs themselves. Although the undersigned is understanding to the reasoning behind the missing invoices, attorney costs without the supporting documentation cannot be reimbursed. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 71. The request

---

[9] This amount consists of (5.4 hrs x $400 = $2,160 / 2 = $1,080) +  (20.56 hrs x $150 = $3,084/2 = $1,542.00) = $2,622.00.

6

for attorneys' costs is reduced by **$488.36**, the total amount of the costs with out supporting documentation.

The petitioner, Armando Tinoco, personally incurred $400.00 in costs. Supporting documentation was provided. ECF No. 82-4. The undersigned will reimburse this amount in full.

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs as follows:

| | |
|---|---|
| Requested Attorney Fees : | $62,232.00 |
| Less Paralegal Rate Adjustment: | -   153.00 |
| Less Reduction for Travel: | - 3,160.00 |
| Less Reduction for Administrative Time: | -   738.00 |
| Less Reduction for Vague Entries: | <u>- 2,622.00</u> |
| Total Attorney Fees Awarded | $55,559.00 |
| Requested Attorney Costs: | $ 3,836.58 |
| Less Costs Missing Documentation: | <u>-    488.36</u> |
| Total Attorney Costs Awarded | $ 3,348.22 |
| Total Petitioner Costs Awarded | $   400.00 |
| **Total Attorney Fees and Costs Awarded** | **$59,307.22** |

**Accordingly, the undersigned awards the total of $<u>59,307.22</u>[10] as follows:**

---

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

7

- **A lump sum of $58,907.22, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Mari C. Bush; and**

- **A lump sum of $400.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[11]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.